IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD BARTO,** | ) | |
| Petitioner, | ) | Civil Action No. 05-294 ERIE |
| | ) | |
| v. | ) | |
| | ) | **District Judge McLaughlin** |
| **MARILYN BROOKS, et al.,** | ) | **Magistrate Judge Baxter** |
| Respondents. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that this petition for writ of habeas corpus be dismissed and a certificate of appealability be denied.

**II.    REPORT**

    **A.    Relevant Factual and Procedural History**

Petitioner Donald Barto is a state prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania. He is serving a sentence of 3 to 15 years for his conviction of three counts of Sexual Abuse of Children. Sentence was imposed on February 13, 2002, by the Court of Common Pleas of Beaver County, Pennsylvania.

Petitioner challenges the Pennsylvania Board of Probation and Parole's decision to deny him parole on May 2, 2005. Petitioner asserts that the Board's action violates the Ex Post Facto Clause in that the Board is requiring him to participate in a sex offender's program as a prerequisite to release on parole. This, he asserts, is a new statutory requirement imposed after he was sentenced and, hence, is an Ex Post Facto violation. Petitioner cites to Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir.) ("Mickens-Thomas I"), cert. denied sub. nom. Gillis v. Hollawell, 540 U.S. 875 (2003), in support of his claim. In Petitioner's view, Mickens-Thomas requires that he be released from custody due to the Board's improper requirement that he participate in a sex offenders program. Petitioner also asserts that he has a right to parole under Pennsylvania statutory law, and that the Board's decision to deny him parole is a violation of due process.

The Commonwealth, by the Attorney General of Pennsylvania, has filed a response (Document # 3) and a supplemental response (Document # 4). Petitioner has filed a reply (Document # 8) and the petition is now ripe for disposition.

### B.     Exhaustion

Petitioner concedes that he never attempted to appeal the Board's 2005 decision. Where a challenge is based on the Board's application of new statutory requirements, an *ex post facto* challenge may be brought in the Commonwealth Court. Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 290 (2001). Petitioner does not contest that such a remedy was available to him in the state courts, but asserts that it would have been futile since the state courts do not agree with his *ex post facto* claim, as evidenced by the state courts' prior rulings on similar claims by other inmates. Recent precedent from the Court of Appeals for the Third Circuit requires that this court reject Petitioner's futility argument.

In Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005), the district court granted relief to a petitioner who challenged the Board's denial of parole on *ex post facto* grounds. The district court reached the merits of the claim only after finding that exhaustion was excused due to the futility of raising an *ex post facto* claim in the Pennsylvania courts. The Court of Appeals reversed, and dismissed the petition, finding that the lower court committed error by excusing exhaustion of an *ex post facto* claim. "[S]tate courts should have been given the opportunity to review [a petitioner's] *ex post facto* claim . . .." 429 F.3d at 64. The same result necessarily applies here with respect to Barto's *ex post facto* claim. Available state court remedies have not been exhausted with respect to the *ex post facto* challenge. Parker teaches that such claims must be dismissed absent exhaustion of available state court remedies.

Petitioner, however, does not need to exhaust state court remedies with respect to his due process challenge. DeFoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005)("we conclude that claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of

exhaustion."). Thus, this is a "mixed" petition containing both an unexhausted claim and one as to which exhaustion is not required. Normally, mixed petitions should be dismissed for failure to exhaust state court remedies. Rose v. Lundy, 455 S.Ct. 509 (1982). However, dismissing a "mixed" petition such as this can cause a petitioner to run afoul of AEDPA's statute of limitations while he is engaged in exhausting state court remedies. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). Hence, dismissal of this petition on the basis of non-exhaustion would not be an appropriate disposition. Id. The court in Crews recommended staying the petition pending exhaustion, but, rather than stay these proceedings, the court will opt to address petitioner's claims on the merits. 28 U.S.C. §2254(b)(2).

### **C.**     **Discussion**

Petitioner's *ex post facto* claim is premised upon a 2000 amendment to the Pennsylvania Parole Act which he alleges was applied to him even though his offenses occurred prior to that time. Specifically, Petitioner complains about 42 Pa.C.S.A. § 9718.1, enacted in 2000, which requires that all persons convicted of sex offenses against minors participate in a Department of Corrections sex offenders program. Persons who do not participate "shall not be eligible for parole." Petitioner's claim fails on the merits because: (1) the challenged section was clearly not applied to him; and (2) there were several other reasons given for denying parole in this case, preventing Petitioner from proving individual disadvantage from the asserted change in Pennsylvania's parole law.

First, there is no indication that the Parole Board even applied § 9718.1 in this case. The comment to § 9718.1 notes that it is applicable only to offenses committed on or after its effective date. Therefore, the Board would have been violating state law if it applied § 9718.1, and there is no reason to believe it intended such a result. Further, the Board's May 2, 2005, decision denying parole lists several reasons for its action, only one of which noted Petitioner's "need to participate in and complete additional institutional programs." (Doc. No. 3, Exhibit 2). No mention is made of § 9718.1 in the Board's order. Had that section been applied by the Board, there would have been no need for the Board to address any other issue since denial of parole would have been required

under § 9718.1. In fact, it is apparent that the Board did not believe its actions to be dictated by § 9718.1 in this case. Instead, the Board chose to exercise its discretion to require participation in a sex offender program, a practice which Pennsylvania permitted long before the 2000 amendment to the Parole Act. See Weaver v. Board of Probation and Parole, 688 A.2d 766 (Pa.Cmwlth. 1997)(parole denied for failure to complete sex offender program). There is no reason to believe that the Board applied § 9718.1 in this case and, accordingly, Petitioner cannot establish that the change in the law had any effect on the Board's decision to deny him parole.

Second, even if § 9718.1 had been applied in this case, the record reflects that the Board had several other reasons for denying parole, each of them individually sufficient to support its decision. Indeed, the Board noted Petitioner's version of the events, which led it to comment that he was engaging in "minimization of what amounts to stalking behavior in [Petitioner's] own home." Even where a new law has been applied in the parole context, the Court of Appeals has recently reaffirmed that a petitioner must establish individual prejudice from the application of the new provision before relief is appropriate on an *ex post facto* claim:

> In our recent decision in Richardson v. Pennsylvania Board of Probation and Parole, 423 F.3d 282, 2005 WL 2155505 (3d Cir. Sept. 8, 2005), we recognized that the Cimaszewski decision had squarely answered in the affirmative that the 1996 Amendments had changed the substantive criteria for parole in Pennsylvania and that **a petitioner who could demonstrate individual disadvantage from retroactive application of the 1996 Amendments could prevail on an ex post facto claim**. Id. at *8.

Parker, 429 F.3d at 64(emphasis added). Petitioner's burden, then, is to show that the 2000 amendment and addition of § 9718.1, as applied in this case, created a significant risk that his incarceration would be prolonged. Richardson, supra. He has not established "individual disadvantage" since the reasons set forth by the Board for denying parole are entirely in line with the pre-2000 requirements of the Parole Act. See, e.g., Mickens-Thomas I, 321 F.3d at 378. Further, unlike the Board's decision in Mickens-Thomas I, the Board's May 2, 2005 decision in this case cannot reasonably be read as even applying the new change in the law, and there are several other bases for denying parole relied upon by the Board. Therefore, as required under Richardson, Petitioner has not shown that he was personally disadvantaged by application of the 2000

amendments. Compare, Rivera v. Gillis, 2006 WL 208803 (M.D.Pa. 2006)(specific reasons for denying parole were reasons appropriately considered pre-amendment).

Petitioner's due process claim fairs no better. The Board's decision denying him parole denies him due process, Petitioner asserts, because it has denied him his state-created "right" to parole. Petitioner misreads Pennsylvania law. In fact, parole is not guaranteed under Pennsylvania law. Tubbs v. Pennsylvania Bd. of Probation and Parole, 620 A.2d 584, 586 (Pa. Commw. Ct. 1993) ("it is well settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term . . . the [Board] makes each decision on a case by case basis, and prisoners have no guarantees that parole will ever be granted"), *appeal denied*, 637 A.2d 295 (Pa. 1993). This long-established interpretation of Pennsylvania law is why federal courts have consistently found that Pennsylvania law does not create a liberty interest in parole for purposes of Due Process analysis. U.S. ex rel. Schiano v. Luther, 954 F.2d 910 (3d Cir. 1992); McFadden v. Lehman, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997) (Pennsylvania has not created an enforceable liberty interest in parole, rehabilitative pre-release programs, or in therapy programs); Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp. 474, 476 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288 (E.D. Pa. 1993). Thus, Petitioner's due process claim necessarily fails since Pennsylvania law does not entitle to him to release on parole as a matter of right as he asserts.

### D.     Certificate of Appealability

Section 102 of AEDPA, 28 U.S.C. § 2253(c), codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." In the case at bar, Petitioner has not made any showing that he has been denied any of his constitutional rights. Accordingly, a certificate of appealability should be denied.

### III.  CONCLUSION

It is respectfully recommended that this petition be dismissed and a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

    /s/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated:  November 30, 2006

cc: The Honorable Sean J. McLaughlin
      United States District Judge